# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BEVERLY GULLEY AND DINA PAPPAS,
INDIVIDUALLY AND ON BEHALF OF A CLASS
OF PERSONS SIMILARLY SITUATED,

    Plaintiffs,

    v.

NORDSTROM, INC.,

    Defendant.

No. 13 C 6145

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Beverly Gulley and Dina Pappas, former employees of Nordstrom, Inc., bring a claim against Nordstrom for failure to pay wages in violation of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, and Illinois Minimum Wage Law, 820 ILCS § 105/4. R. 1-1. Nordstrom has moved to compel arbitration and stay the proceedings. R. 11. For the following reasons, Nordstrom's motion is granted.

## Background

Plaintiffs formerly worked as retail sales staff for Nordstrom, a national department store chain. Plaintiffs allege that they worked on commission, but were required to spend about an hour of each shift attending to duties that prevented them from attempting to make sales, for which time they were paid an hourly wage. R. 1-1 ¶ 2. Plaintiffs allege that Nordstrom paid them and other similarly situated sales staff for 30 minutes of non-sales duties each day even though they had worked 90 minutes of non-sales time. *Id.* ¶ 24.

On April 5, 2011, Nordstrom was sued regarding these alleged wage practices for violation of California and federal law. *See Balasanyan v. Nordstrom, Inc.*, 2012 WL 760566, at *1 (S.D. Cal. Mar. 8, 2012). In the midst of that lawsuit in June 2011, Nordstrom added a class action waiver to the Dispute Resolution Agreement ("DRA") Nordstrom requires its employees to sign. R. 13-1 ¶¶ 6-7, Ex. 4. Nordstrom again amended the DRA in August 2011. *Id.* ¶ 7, Ex. 4. The DRA has been a part of Nordstrom's conditions of employment and has required arbitration of individual employee claims since 2004. *See id.* ¶ 5, Ex. 1. Gulley and Pappas were Nordstrom employees at the time of the 2011 amendments to the DRA. Gulley remained a Nordstrom employee until December 2011, and Pappas remained a Nordstrom employee until May 2012. R. 13 at 2.

Nordstrom moved to compel arbitration in the 2011 lawsuit. *See Balasanyan*, 2012 WL 760566, at *1. The court denied that motion because the class action waiver was added to the Dispute Resolution Agreement after the lawsuit was filed. *See id.* at *4.

**Legal Standard**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, governs the enforceability of arbitration clauses in state and federal courts. *See Jain v. de Mere*, 51 F.3d 686, 688 (7th Cir. 1995). The FAA provides that an arbitration clause in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, a court may compel

2

arbitration where there is (1) a written agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal to arbitrate. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). "To determine whether a contract's arbitration clause applies to a given dispute, federal courts apply state-law principles of contract formation." *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012).

Motions to compel arbitration are reviewed under a summary judgment standard. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). The "opposing party must demonstrate that a genuine issue of material fact . . . exists." *Id.* "[T]he evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Id.* The court may consider evidence outside the pleadings, because a motion to compel arbitration is treated as an assertion that the court lacks subject matter jurisdiction. *See, e.g.*, *Webb v. Midland Credit Mgmt., Inc.*, 2012 WL 2022013, at *2 (N.D. Ill. May 31, 2012); *Reineke v. Circuit City Stores, Inc.*, 2004 WL 442639, at *1 (N.D. Ill. Mar. 8, 2004).

**Analysis**

**A.     Collateral Estoppel**

Plaintiffs contend that "[t]he exact issue raised by Nordstrom's motion to compel has already been decided and rejected by another district court, in *Balasanyan*." R. 16 at 4. Plaintiffs argue that the common issue is "whether the August 2011 DRA allows the Court to compel the parties to litigate their claims on an individual basis in arbitration." R. 16 at 4. But as Nordstrom points out, the

3

issue in *Balasanyan* was not simply whether an agreement like the August 2011 DRA is enforceable generally, but specifically whether that agreement was enforceable when it was "'impose[d] . . . upon putative class members during the pendency of litigation.'" R. 18 at 3 (quoting *Balasanyan*, 2012 WL 760566, at *4). Here, by contrast, the August 2011 DRA became effective two years before this case was filed. Thus, the issue in *Balasanyan* is different from the issue in this case and *Balasanyan* has no preclusive effect here.

**B.    Improper Communication**

Plaintiffs also argue that the Court should not enforce the August 2011 DRA because it is an improper communication with class members. R. 16 at 6-9. It is not clear whether Plaintiffs make this argument on the basis of the class allegations in this case, or their membership in the class in *Balasanyan*. If Plaintiffs mean to argue that the August 2011 DRA is an improper communication with them as members of a class in this case, that argument fails for the simple reason that the August 2011 DRA was communicated to them two years before this case was filed. Plaintiffs cite several cases like *Balasanyan* holding that arbitration agreements that take effect after a case is filed cannot be enforced to compel arbitration of the claims in that case. *See* R. 16 at 6-8. But Plaintiffs have not cited any authority or provided any reasoning to justify their contention that holdings like that in *Balasanyan* should preclude enforcement of an arbitration agreement that takes effect *before* a case is filed. Since the August 2011 DRA became effective before this

4

case was filed, the justification for not enforcing it that was present in the *Balasanyan* case and other cases with similar circumstances is not present here.

Additionally, if Plaintiffs mean to argue that the August 2011 DRA is an improper communication with them as members of the class in *Balasanyan*, that argument fails because their membership in the *Balasanyan* class is irrelevant to this case. Plaintiffs here have filed claims under Illinois law, whereas the plaintiffs in *Balasanyan* filed claims under California and federal law. Although the underlying facts of the two cases appear to be similar if not the same, the legal questions are different, and thus the classes cannot be the same.

Plaintiffs contention—on the basis of their membership in the *Balasanyan* class—that enforcing the August 2011 DRA in this case will "nullify and render meaningless the District Court's order in *Balasanyan*," R. 16 at 9, amounts to a second try at a collateral estoppel argument. The Court has already explained that the issue here is distinct from *Balasanyan* because the August 2011 DRA became effective before this case was filed. And as the Court just discussed in the preceding paragraph, the issue here is different for the additional reason that the claims in the two cases are different and thus the classes are not the same. Because Plaintiffs' claims in this case are legally distinct from those in *Balasanyan*, *Balasanyan's* holding that the August 2011 DRA was an improper class communication has no force here.

## C. Unconscionable Agreement

Plaintiffs also contend that the Court should not enforce the August 2011 DRA because it is unconscionable. R. 16 at 9-14. Plaintiffs argue that the agreement is procedurally unconscionable because it "was drafted solely by Nordstrom and presented to Plaintiffs on a take-it-or-leave-it basis," *id.* at 11, "in the context of a continuing employment scenario." *Id.* at 12. But as Nordstrom points out, Illinois courts and federal courts applying Illinois law have found that arbitration clauses in such a context are not procedurally unconscionable absent fraud. *See Melena v. Anheuser-Busch, Inc.*, 847 N.E.2d 99, 109 (Ill. 2006); *Johnson v. Orkin, LLC*, 928 F. Supp. 2d 989, 1007 (N.D. Ill. 2013). As the Seventh Circuit noted, and the Illinois Supreme Court agreed, "'[e]mployees fare well in arbitration with their employers—better by some standards than employees who litigate, as the lower total expenses of arbitration make it feasible to pursue smaller grievances and leave more available for compensatory awards.'" *Melena*, 847 N.E.2d at 109-10 (quoting *Oblix, Inc. v. Winiecki*, 374 F.3d 488, 491 (7th Cir. 2004)). Plaintiffs have not raised any facts about the formation of the August 2011 DRA that makes it an exception to this well-settled principle.

Plaintiffs also argue that the August 2011 DRA is substantively unconscionable because Plaintiffs' claims "involve intricate knowledge of the Illinois wage laws," and thus cannot be "'successfully argued in court or arbitration without the aid of an attorney.'" R. 16 at 13 (quoting *Kinkel v. Cingular Wireless LLC*, 857 N.E.2d 250, 268 (Ill. 2006)). In *Kinkel*, the Illinois Supreme Court held that a class

6

action waiver in a consumer contract that included a $150 early termination fee was unconscionable because the average consumer would not be able to competently argue without counsel that the early termination fee was unenforceable as a penalty. 857 N.E.2d at 268. This factual scenario is not analogous to Plaintiffs' case, and Plaintiffs do not explain how this holding applies to an arbitration agreement in an employment contract in the context of a dispute regarding proper wage payments. Nor do Plaintiffs explain how their claims are any more complicated than the average wage-claim employees have against their employers. Plaintiffs allege that they were only compensated for 30 minutes of work when they actually worked 90 minutes. This is not a complicated allegation. Thus, *Kinkel's* reasoning is not a basis to conclude that the August 2011 DRA is unconscionable.

**Conclusion**

For the reasons stated above, Nordstrom's motion to compel arbitration, R. 11, is granted and the case is stayed pending arbitration.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: January 27, 2014